TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00261-CR






Coy Mitchell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 2011328, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



After his motion to suppress evidence was overruled, appellant Coy Mitchell pleaded
guilty to possessing between one and four grams of 3,4-methylenedioxy methamphetamine. Tex.
Health & Safety Code Ann. § 481.116(a), (c) (West Supp. 2003). As called for in a plea bargain
agreement, the court placed Mitchell on deferred adjudication supervision for four years. In his sole
point of error, Mitchell urges that the court erred by overruling the motion to suppress. We will
affirm.

Austin Police Officer Chris Perkins testified at the suppression hearing that he saw
a man later identified as Mitchell arguing with a woman later identified at Monica McIntire arguing
on a sidewalk in the city's entertainment district at about 2:30 a.m. As he watched, Mitchell
"grabbed the female and just--I guess the best way, pushed, but just slammed her to the ground." 
Perkins added, "She hit the ground really hard." The officer immediately seized Mitchell and placed
him under arrest for assault. The controlled substance in question was found in Mitchell's pocket
during a search incident to the arrest.

Mitchell, McIntire, and Hollye Golightly testified for the defense. They said that
Mitchell and Golightly were arguing and that McIntire intervened. When she seized Mitchell's arm
from behind, he turned and raised his arms in a defensive manner. McIntire lost her balance and fell. 
All three witnesses denied that Mitchell pushed or otherwise assaulted McIntire.

In overruling the motion to suppress, the court stated, "I do agree that there could
have been more investigation into this case. I do agree with the defense. However, I believe that
it's a legally sufficient arrest, and I'm going to deny the defense's motion to suppress." Mitchell
interprets this statement as a finding that no assault in fact took place, but that the officer
nevertheless had probable cause at the time to believe that it had. We do not necessarily share
Mitchell's view that the trial court believed that no assault took place, but will accept it for the
purpose of this opinion.

As a matter of constitutional law, an arrest without warrant must be based on probable
cause. Ker v. California, 374 U.S. 23, 34 (1963). In Texas, warrantless arrests are also subject to
statutory regulation. See Tex. Code Crim. Proc. Ann. arts. 14.01-.06 (West 1977 & Supp. 2003). 
One of these statutes provides that a police officer may arrest an offender without a warrant for any
offense committed in his presence or within his view. Id. art. 14.01(b) (West 1977). Mitchell argues
that article 14.01 requires a showing beyond a reasonable doubt that an offense took place. He
concedes that the statute has been interpreted otherwise, to require only a showing of probable cause. 
See Delgado v. State, 718 S.W.2d 718, 721 (Tex. Crim. App. 1986). He further concedes that the
evidence at the suppression hearing supports the court's finding of probable cause in this case. 
Mitchell states that he intends to challenge the continuing validity of Delgado.

We believe that article 14.01 was correctly interpreted in Delgado. Even if we did
not, we would nevertheless have no option but to follow Delgado, as Mitchell recognizes. Viewing
the testimony at the suppression hearing in the light most favorable to the court's ruling, and
reviewing de novo the court's application of the law to the facts, we conclude that the district court
correctly found that Mitchell's arrest was supported by probable cause. See Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). The arrest was therefore lawful. Delgado, 718 S.W.2d at 721. Mitchell was lawfully
searched incident to the arrest. See Ker, 374 U.S. at 41. The point of error is overruled.

The order placing Mitchell on deferred adjudication community supervision is
affirmed.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: February 27, 2003

Do Not Publish